UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

U.S. DISTRICT COURT
FILED
2020 SEP -9 P 1: 20
CLERK OF COURT

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Case No. **20-CR-161**

RAKESH JYOTI SARAN, a.k.a. "JOHAR SARAN,"

[21 U.S.C. §§ 841(a)(1) and 846]

    Defendant.

## INDICTMENT

### COUNT ONE

**THE GRAND JURY CHARGES THAT:**

1. Beginning by at least July 9, 2019, and continuing until August 25, 2020, in the Eastern District of Wisconsin, Middle District of Florida, Northern District of Texas, and elsewhere,

**RAKESH JYOTI SARAN, a.k.a. "JOHAR SARAN,"**

knowingly and intentionally conspired with persons known and unknown to the Grand Jury to distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

2. The offense involved 500 grams or more of a mixture and substance containing methamphetamine, a Schedule II controlled substance. The offense also involved ketamine, a Schedule III controlled substance, alprazolam, a Schedule IV controlled substance, diazepam, a Schedule IV controlled substance, and tramadol, a Schedule IV controlled substance.

All in violation of Title 21, United States Code, Sections 846, 841(b)(1)(A), and 841(b)(1)(E).

1

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Between on or about August 23, 2019, and on or about September 23, 2019, in the Eastern District of Wisconsin, Middle District of Florida, Northern District of Texas, and elsewhere,

**RAKESH JYOTI SARAN, a.k.a. "JOHAR SARAN,"**

knowingly and intentionally distributed a controlled substance.

2. The offense involved 50 grams or more of a mixture and substance containing methamphetamine, a Schedule II controlled substance. The offense also involved ketamine, a Schedule III controlled substance, diazepam, a Schedule IV controlled substance, and alprazolam, a Schedule IV controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 841(b)(1)(E), and Title 18, United States Code, Section 2.

2

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Between on or about October 15, 2019, and on or about October 26, 2019, in the Eastern District of Wisconsin, Middle District of Florida, Northern District of Texas, and elsewhere,

**RAKESH JYOTI SARAN, a.k.a. "JOHAR SARAN,"**

knowingly and intentionally distributed a controlled substance.

2. The offense involved 50 grams or more of a mixture and substance containing methamphetamine, a Schedule II controlled substance. The offense also involved alprazolam, a Schedule IV controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 841(b)(1)(E), and Title 18, United States Code, Section 2.

3

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Between on or about January 28, 2020, and on or about January 30, 2020, in the Eastern District of Wisconsin, Middle District of Florida, Northern District of Texas, and elsewhere,

**RAKESH JYOTI SARAN, a.k.a. "JOHAR SARAN,"**

knowingly and intentionally distributed a controlled substance.

2. The offense involved 50 grams or more of a mixture and substance containing methamphetamine, a Schedule II controlled substance. The offense also involved alprazolam, a Schedule IV controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 841(b)(1)(E), and Title 18, United States Code, Section 2.

4

## FORFEITURE NOTICE

1. Upon conviction of one or more of the controlled substance offenses alleged in Counts One through Four of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violation, and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of the violation. The property to be forfeited includes, but is not limited to, a sum of money equal to the proceeds obtained as a result of the offense.

2. If any of the property described above, as a result of any act or omission by the defendant, cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third person, has been placed beyond the jurisdiction of the Court, has been substantially diminished in value, or has been commingled with other property which cannot be subdivided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL:

[signature redacted]
FOREPERSON

Dated: 9/9/20

[signature: Kelly B Naylor]
MATTHEW D. KRUEGER
United States Attorney